**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LYONS PARTNERSHIP, L.P., a limited partnership, et al., | ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )        No. 08 C 2909 |
| | ) |
| STACIE WELLE, individually, doing business as Party Saver, and THADDEUS CHASE, an individual, | ) ) ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Before the court is defendants' motion to set aside the entry of default.  For the reasons explained below, the motion is denied.

Plaintiffs, who allege that they are owners or exclusive licensees of intellectual property rights in children's characters "Hello Kitty," "Bob the Builder," "Thomas the Tank Engine," "Barney," and "Baby Bop," (the "Characters") bring this trademark and copyright infringement suit against defendants Stacie Welle and Thaddeus Chase.  Welle and Chase are alleged to have operated a website that promoted a service whereby one of their employees would attend a child's party wearing a costume that infringed plaintiffs' rights in the Characters.

The procedural background of this action is as follows. Plaintiffs filed their complaint in May 2008.  The parties engaged

in preliminary settlement negotiations, and at a status hearing in October 2008, defendants indicated that they wished to schedule a settlement conference with the magistrate judge assigned to the case.   We referred the case to Magistrate Judge Cox for such a conference.   After some scheduling difficulties due to defendant Welle's unavailability, the parties eventually represented to Judge Cox in late January 2009 that they were not ready to conduct meaningful settlement negotiations, and Judge Cox returned the case to us.

In February 2009, defendants' counsel moved to withdraw their appearances.   At the hearing on that motion in March 2009, defendants' counsel represented to the court that they were unable to get in contact with their clients.   We granted the motion and gave defendants until March 31, 2009 to file the appearance of substitute counsel or to advise the court and plaintiffs' counsel of an address where they could be served.

The date passed with no appearance for and no filing from defendants.   A month later, we set a status hearing for May 6.   On May 5, attorney Christopher Haigh entered an appearance for defendants.   Also entered that day and then withdrawn as "error" two days later was an appearance for the defendants by attorney Steve Silvey.   On May 27, 2009, we held a status hearing, at which all parties were represented, and set a discovery cut-off date.

On June 4, 2009, the Executive Committee of the United States District Court for the Northern District of Illinois issued an order suspending Mr. Haigh from practicing law in this district for at least two years, *nunc pro tunc* from August 15, 2008. Thereafter, no substitute attorney filed an appearance for defendants in this case, and defendants failed to contact the court to provide an address for service or to indicate that they would be proceeding *pro se*.

On June 29, 2009, plaintiffs filed a motion for entry of default, explaining the status of the case. Mr. Haigh was served with a copy of plaintiffs' motion; in addition, plaintiffs e-mailed a copy of the motion to both Mr. Haigh and Mr. Silvey, even though Mr. Silvey did not yet have an appearance on file. (Pls.' Resp., Ex. B.) The following day, Mr. Silvey filed a motion for leave to withdraw the appearance of Mr. Haigh. That motion gave no indication that Mr. Silvey was contemplating filing an appearance as substitute counsel, nor did it address the motion for entry of a default order, and no response to the motion for a default order was filed.

On July 1, 2009, we held a hearing on plaintiffs' motion for entry of default. Plaintiffs' counsel stated that they were seeking statutory damages under the Copyright Act. Mr. Haigh, but not Mr. Silvey, was present. Mr. Haigh stated that he was moving to withdraw as counsel for defendants and that Mr. Silvey was

"talking to the client" and would like to be able to respond to the motion. He also made the confusing statement that Mr. Silvey had "attempted" to file an appearance but that Mr. Haigh had been unable to do that electronically pursuant to the Local Rules.

Mindful of the previous problems with defendants' participation in the case and the resulting delays, we granted plaintiffs' motion and indicated that we did not expect an active defense. We entered an order of default against defendants for failure to properly appear and defend the action and set the case for a prove-up hearing by affidavit on July 28, 2009.[1] On July 10, 2009, defendants filed a motion to set aside the default, and Mr. Silvey filed his appearance on defendants' behalf.

Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default for good cause. In addition to good cause, a party seeking to vacate an entry of default must also show quick action to correct it and a meritorious defense to the plaintiff's complaint. Pretzel & Stouffer v. Imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir. 1994). "While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context." Cracco v. Vitran Express, Inc., 559 F.3d 625, 631 (7th Cir. 2009) (internal quotation marks omitted).

---

[1]/ We entered a minute order granting plaintiffs' motion for entry of a default order as well as a default order on July 1, but the orders were not entered on the docket until July 7.

Defendants acted in a timely fashion to have the default order set aside; they filed their motion within a few days of its entry. But they have failed to show that they had good cause for the default or that they have a meritorious defense. As to good cause, defendants notably do not argue that they did not have notice of the hearing or that there was excusable neglect. Instead, they contend that they had difficulties with "cash flow" that prevented them from "immediately retain[ing] replacement counsel" after Mr. Haigh's suspension. (Mot. to Vacate at 2.) They also state that they had made a settlement offer to defendants in May 2009. Both arguments miss the mark. The issue is not whether there was good cause for the delay in hiring substitute counsel; it is whether there was good cause for defendants' or substitute counsel's failure to appear at the hearing on plaintiff's motion for default. Defendants contend (in their reply brief) that Mr. Silvey "was not confirmed to be retained until July 10," the day the motion to vacate the default order was filed. (Defs.' Reply at 3 n.3.) But that circumstance had not prevented Mr. Silvey from filing the motion to withdraw Mr. Haigh's appearance, and it would not have prevented him from appearing and explaining that he had not yet been retained but intended to file an appearance for defendants. Moreover, nothing prevented defendants themselves from personally attending the hearing and notifying the court that they intended to actively defend the action. Defendants' track record in this case

is at odds with their belated contention that they had "due regard for the Court and the process." (Defs.' Reply at 3.)

In addition to failing to demonstrate good cause, defendants fail to demonstrate a meritorious defense. "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." Jones v. Phipps, 39 F.3d 158, 165 (7th Cir. 1994). A "meritorious defense" showing requires more than bare legal conclusions; rather, a defendant must establish that it has a specific defense on the merits. See Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc., 687 F.2d 182, 186 (7th Cir. 1982).

Defendants' motion states that they "have good and meritorious defenses to Plaintiffs' tenuous allegations and in fact have an Answer on file denying the essential allegations." (Defs.' Mot. at 2.) The argument is completely undeveloped. In their reply brief, defendants merely quote from their answer without explaining why their defenses have merit or how they raise a "serious question" regarding the propriety of a default. This is insufficient to meet the "meritorious defense" requirement.

Because defendants have failed to demonstrate good cause for the default or a meritorious defense, their motion to set aside the entry of default will be denied.

## **CONCLUSION**

Defendants' corrected motion to set aside the entry of default [66] is denied.  Defendants' original motion to set aside the entry of default [60] is considered withdrawn.  The case is set for a prove-up hearing on April 7, 2010, at 11:00 a.m.


DATE:     February 22, 2010


ENTER:     _____

          John F. Grady, United States District Judge